Jasen, J.
(dissenting). I dissent and would affirm the order of the unanimous Appellate Division.
The majority, in reaching a disposition of reversal, has eroded the distinction between the scope of judicial review in matters concerning consensual arbitration as compared to compulsory arbitration. An award rendered in the former may be vacated only if completely irrational (CPLR 7511, subd [b]; see Rochester City School Dist. v Rochester Teachers Assn., 41 NY2d 578, 582), whereas a determination made in compulsory arbitration will be vacated upon a demonstration that the arbitrator’s finding is not "supported by evidence or other basis in reason.” (Mount St. Mary’s Hosp. of Niagara Falls v Catherwood, 26 NY2d 493, 508; see Caso v Coffey, 41 NY2d 153, 158.) This is so because considerations of due process require that a determination made in compulsory arbitration be subjected to closer judicial scrutiny. (Mount. St. Mary’s Hosp. of Niagara Falls v Catherwood, 26 NY2d, at p 508, supra.)
In my opinion, the finding by the arbitrator that the jury verdict did not include recovery for "basic economic loss” lacks a rational basis and, inasmuch as submission of this dispute to arbitration was not voluntary but compulsory (Insurance Law, § 675, subd 2), the arbitrator’s award granting $50,000 as medical expenses to claimant Levine should be vacated.
As correctly found by the court below, the evidence before the arbitrator indicated "unequivocally that the verdict in favor of [claimant] necessarily included recovery for 'basic economic loss’ ”. The complaint sought to recover damages for medical expenses; the bill of particulars itemized hospital care and related services; the evidence adduced at trial and claimant’s summation to the jury itemized medical expenses; and the Trial Judge charged the jury that if it found for claimant he was "entitled to recover a sum of money which will justly and fairly compensate him for his injuries and for his conscious pain and suffering, for his medical and hospital and health [aid] and ambulance, and other incidental expenses, for his permanent injuries and for his necessary future expenses to the time that you find that he may live.” Further, there is no evidence that the verdict was adjusted by the jury to reflect an exclusion of basic economic loss.
*910 Under such circumstances, I find the majority’s conclusion that the verdict did not necessarily include those damages covered by the no-fault law puzzling at best, especially when one considers the large sum of medical expenses both incurred and claimed by claimant. A contrary conclusion is mandated, and inasmuch as the jury verdict must have included compensation which is reserved for no-fault coverage (see Insurance Law, § 673, subd 1), the arbitrator’s award should be vacated.
Chief Judge Cooke and Judges Jones, Wachtler and Fuchsberg concur in memorandum; Judge Jasen dissents and votes to affirm in an opinion in which Judges Gabrielli and Meyer concur.
Order reversed, etc.